Theodore J. Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Tel: 503-786-3800
ted@pdxlegal.com
Of Attorneys for Kemp Strickland

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **KEMP STRICKLAND, an individual,** | Case No. _____ |
| PLAINTIFF, | |
| vs. | |
| **FAY SERVICING, LLC; WILMINGTON TRUST, N.A., not in its individual capacity, but solely as Trustee for the MFRA Trust 2014-2.** | COMPLAINT AND DEMAND FOR JURY TRIAL |
| **DEFENDANTS**. | |

I. INTRODUCTION

1.

This is an action for actual and statutory damages brought by Plaintiff Kemp Strickland, an individual consumer, against Defendants Fay Servicing, LLC and Wilmington Trust, N.A. not in its individual capacity, but solely as Trustee for the MFRA Trust 2014-2, for violations of a) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; b) the Real

Estate Settlement Procedures Act, 12 U.S.C.§ 2605; c) The Oregon Unlawful Trade Practices Act, ORS 646.608; and d) Implied Covenant of Good Faith and Fair Dealing.

## II. JURISDICTION

2.

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3.

Plaintiff, Kemp Strickland, is a natural person residing in the City of Happy Valley, Clackamas County, the State of Oregon.

4.

Defendant Fay Servicing, LLC ("FS") is a Limited Liability Company organized under the laws of Delaware, with its principal place of business located at 440 S. LaSalle St., 20th Fl., Chicago, IL 60605, engaged in the business of collecting debt in this state. The principal purpose of Defendant is the collection of debts in Oregon and Defendant regularly attempts to collect debts alleged to be due another.

5.

Defendant Wilmington Trust, N.A. not in its individual capacity, but solely as Trustee for the MFRA Trust 2014-2 ("MFRA"), is identified as the owner of the Mortgage Loan, they are organized as a trust in New York State with their place of business located at 350 Park Ave, 20th Fl., New York, NY 10022 .

6.

Defendant FS is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

IV. FACTUAL ALLEGATIONS

7.

Plaintiff borrowed money to purchase his residence and memorialized that purchase with a Note and Deed of Trust, ("Mortgage Loan").

8.

The Mortgage Loan is a Federally Related Mortgage Note as the term is defined in 12 U.S.C. § 2602(1)(B) of the Real Estate Settlement Procedures Act ("RESPA").

9.

Defendant FS is a servicer as defined in 12 U.S.C. § 2605(i)(2) and owes duties to Plaintiff under RESPA and Regulation X codified at 12 C.F.R. § 1024 et seq.

10.

Plaintiff was married when he initially took out the Mortgage Loan but filed for divorce in 2015. As part of that final divorce decree, Plaintiff's ex-wife deeded the Property to him.

11.

Plaintiff fell behind on his mortgage payments due to a contentious divorce and he subsequently sought to have his Mortgage Loan modified to prevent foreclosure. Plaintiff submitted his initial mortgage modification request to Wells Fargo Bank, N.A. ("WFB").

////

////

12.

Plaintiff applied for a loan modification without his ex-wife and provided copies of the divorce decree and the executed, recorded quit claim deed to WFB, when requested. WFB granted Plaintiff a HAMP Trial Loan Modification and advised him that his ex-wife would not need to sign any of the modification papers.

13.

Plaintiff timely made all the required trial modification payments.

14.

On or about February 9, 2017, WFB transferred Mortgage Loan servicing of Plaintiff's Property to Defendant FS. The Mortgage Loan was in default at the time of transfer.

15.

On or about May 15, 2017, Plaintiff received the promised Loan Modification Agreement from FS ("Final Modification"). The Final Modification contained two signature lines, one for Plaintiff and one for his ex-wife. Plaintiff contacted FS to confirm that he could just sign it himself to accept as indicated previously by FS's agent and WFB.

16.

Plaintiff contacted FS several times and no one could give him a firm answer about who needed to sign the Final Modification. Eventually, Plaintiff was advised he would need to speak to a senior manager regarding the Final Modification. On or about May 22, 2017, Plaintiff received a denial for him to submit the Final Modification with only his signature. FS's senior agent indicated FS would not process the Final Modification if he sent it in without his ex-wife's signature.

////

17.

Plaintiff was subsequently served with notice of the Oregon Foreclosure Avoidance Program. Plaintiff participated in the mediation and provided all the documentation for a new loan modification review. FS granted Plaintiff a new Modification ("New Modification"). The terms provided in the New Modification were substantially worse than the Final Modification.

18.

On May 18, 2018 Plaintiff brought suit against FS, WFB, and MFRA alleging various violations of the Mortgage Loan contract and other consumer protection statutes in Oregon District Court Case No. 18-cv-00882-AC ("First Suit").

19.

The parties reached settlement in the First Suit, executed a settlement agreement on February 28, 2019, and the case was subsequently dismissed by stipulated Order on March 19, 2019 ("First Suit Settlement"). Plaintiff is and was at all times material, in compliance with the First Suit Settlement.

20.

The First Suit Settlement terms were confidential and Plaintiff stands ready to submit that Agreement for in camera court review, in the event of a dispute as to its existence or its provisions. Plaintiff asserts the First Suit Settlement terms were breached by Defendants.

21.

On or about April 10, 2019, Plaintiff received a statement from Defendants indicating that his Escrow Account was in arrears by $31,152.56, his "Amount Due" by May 1, 2019 was $193,643.38 and that he "may risk foreclosure" of his Residence. A true and correct copy of that statement is attached here to as Exhibit 1. This was a breach of the First Suit Settlement.

22.

Shortly after receiving that Statement, on or about April 25, 2019, Plaintiff received a rejection of monthly payment notice from Defendants returning his payment and informing him that he was in "pre foreclosure or foreclosure status." A true and correct copy of that document is attached here as Exhibit 2. This was a breach of the First Suit Settlement.

23.

Plaintiff then received a similar notice as Exhibit 1 dated May 11, 2019 which continued to assert he was required to pay $198,260 by June 1, 2019.

24.

The Mortgage Loan of Kemp Strickland was incurred for personal, family, or household services, i.e. personal debt.

25.

As a result of the acts alleged above, Plaintiff suffered aggravated headaches, nausea, embarrassment, and doubt regarding his ability to retain his property as promised and retain effective counsel to resolve the problems with his Residence. In addition Defendants' conduct caused Plaintiff to incur even more legal fees to rectify the improper collection contacts and the breached First Suit Settlement.

26.

Defendants endless march forward with their foreclosure action, failure to adhere to and implement the First Suit Settlement, and their intransigence in sending incorrect and confusing statements caused the Plaintiff to suffer from excessive stress, nausea, anxiety and strain over the seemingly inevitable loss of his home resulting in damages estimated to be $100,000 for purposes of default.

27.

Plaintiff also incurred economic damages for the gas and mileage on his vehicle in attempting to fix this problem in an estimated amount of $300, copying and postage costs in the estimated amount of $100 and missed time from work in the estimated amount of $800. These damages were foreseeable and a natural result from Defendants' violations.

V. CLAIMS FOR RELIEF

COUNT ONE

(WFB and FS)

(RESPA – 12 U.S.C. § 2605 and 12 CFR § 1024.35)

28.

Plaintiff realleges the above paragraphs 1-27 as if fully reproduced here.

29.

Defendants failed to comply with the requirements of RESPA and the implementing Regulation X and as a result of such failure, Plaintiff has suffered damages as alleged above.

30.

Defendants are entitled to recover their reasonable attorney fees and costs in prosecuting this matter in an amount to be proved at trial pursuant to §2605(f)(3) of RESPA.

COUNT TWO

(WFB & FS)

(RESPA – 12 U.S.C. § 2605 and 12 CFR § 1024.35)

31.

Plaintiff realleges the above paragraphs 1-27 as if fully reproduced here.

32.

Defendants are engaged in a pattern of practice of noncompliance with RESPA by engaging in conduct in violation of RESPA multiple times with respect to Plaintiff as set forth above.

33.

Defendant FS has also previously been sanctioned by the Consumer Financial Protection Bureau and on or about June 16, 2015 and on or about June 7, 2017, respectively, they entered into Consent Judgments where they were permanently enjoined from violating certain requirements of RESPA, which mirror the allegations of Plaintiff detailed above and in which Plaintiff was a Third Party Beneficiary.

COUNT THREE

(All parties in Privity of Contract)

(Breach of Contract – Settlement Agreement & Mortgage Loan)

34.

Plaintiff realleges paragraphs 1 -27 above as if fully reproduced here.

35.

On information and belief, Defendants are all in privity of contract with Plaintiff.

36.

Plaintiff and Defendants entered into a binding contract to resolve the First Suit and to modify the Mortgage Loan as detailed above.

////

////

////

37.

Defendants and or their authorized Agents acting in the course and scope of their engagement, failed to process and implement the First Suit Settlement after Plaintiff had fully performed, in breach of their agreement.

38.

These breaches subjected Plaintiff to improper fees and charges applied to the Loan, and to be potentially required to participate in foreclosure proceedings.

39.

Plaintiff has been damaged and now requires judicial intervention to rectify the problems associated with this improper contractual performance and the resulting improper fees and charges.

40.

Plaintiff attempted to resolve this concern but has been unable to remedy the problems.

41.

Defendant's breach of contract has caused Plaintiff to suffer actual general and special compensatory damages which are ongoing. Said damages include, among other things: (a) postage and fax charges for dispute letters and communication; (b) gas and mileage for travel to and from his Attorney's office; and (c) emotional distress and interference with normal and usual activities that has threatened Plaintiff's continued use and enjoyment of the Property. Said damages were foreseeable and naturally result from Plaintiff and or its authorized agent's violations and are estimated, for the purpose of default, to be in the amount of $50,000.00.

////

## COUNT FOUR

### (Breach of Contract – Violation of Good Faith and Fair Dealing)

42.

Plaintiff realleges paragraphs 1 -27 above as if fully reproduced here.

43.

Defendants and Plaintiff are subject to the Mortgage Loan and the First Suit Settlement and their requirements (the "Mortgage Agreements"). Those Mortgage Agreements included implied covenants of Good Faith and Fair Dealing.

44.

The bad faith representations and actions, detailed above, violated the Mortgage Agreements implied covenants of Good Faith and Fair Dealing. These representations also frustrated Plaintiff's expectations in performance of the Mortgage Agreements. As a result, Defendants breached the Mortgage Agreements and therefore should be liable to Plaintiff for his attorney fees and costs pursuant to that agreement.

45.

Defendants' actions in breaching the Mortgage Agreements also caused Plaintiff general and special compensatory damages as outlined above and Plaintiff therefore demands compensatory breach damages in an amount to be determined at trial.

## COUNT FIVE

### (OREGON UTPA ORS § 646.608 and 646.638)

46.

Plaintiff realleges paragraphs 1 -27 above as if fully reproduced here.

////

47.

Defendants and their authorized agents acting in the course and scope of their engagement employed unconscionable tactics in dispensing with their duties in servicing the Mortgage Loan and in performance of the First Suit Settlement as described above and in violation of ORS § 646.608(1)(u) and OAR 137-020-0805.

48.

Plaintiff has been damaged by Defendants and Defendants' Agents' actions and is entitled to statutory damages of $200 and actual damages as outlined above.

49.

Plaintiff is further entitled to an award of reasonable attorney fees and costs upon prevailing under this action. Plaintiff believes the Defendants actions were sufficiently willful and egregious to entitle him to punitive damages in an amount to be proven at trial.

COUNT SIX
(FS)
(Fair Debt Collection Practices Act 15 U.S.C. § 1692)

50.

Plaintiff repeats, realleges and incorporates here by reference to the foregoing paragraphs 1 through 27.

51.

Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Debt collector made false representations concerning the collection of the Mortgage Loan and regarding the nature of a First Suit Settlement in violation of 15 U.S.C. § 1692e(2).

(b) Collector made false representations regarding the legal status of the debt, its ability to foreclose on the Mortgage Loan, and its rejection of the Plaintiff's payments in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(6).

(c) Collector continued pursuit of Foreclosure when it should have acknowledged and implemented the First Suit Settlement in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(6).

54.

As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Kemp Strickland for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an estimated amount of $100,000, statutory damages pursuant to 15 U.S.C. § 1692k, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

- A. Declaratory judgment that Defendant FS's conduct violated the FDCPA;
- B. Declaring that Defendants are in breach of the First Suit Settlement and are required to implement and adhere to the terms of the First Suit Settlement;
- C. Actual damages in an amount to be determined at trial;
- D. Statutory damages pursuant to 15 U.S.C. § 1692k;
- E. Awarding Plaintiff his costs and reasonable attorney's fees;
- F. Awarding Plaintiff his economic and non-economic compensatory damages pursuant to the Mortgage Note, RESPA, and/or the UTPA;
- G. Awarding Plaintiff statutory damages for pattern of practice under RESPA;

H. Awarding Plaintiff their statutory damages under the UTPA in the event other damages are not awarded under the UTPA;

I. Awarding Plaintiff punitive damages; AND

J. For such other and further relief as the Court may deem just and proper.

Dated August 19, 2019.

Respectfully submitted,

/s/ Theodore J. Piteo
Theodore J. Piteo, OSB 090311
Attorney for Plaintiff
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
Tel: 503-786-3800/ Fax: 503-272-7796
ted@pdxlegal.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Kemp Strickland demands trial by jury in this action.

/s/ Theodore J. Piteo
Attorney for Plaintiff

## VERIFICATION

I, Kemp Strickland, hereby certify, under penalty of perjury, that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

/s/ Kemp Strickland
Kemp Strickland